ORIGINAL

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

R. MICHAEL BURKE 1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Mike.Burke@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 22 2005

at ___ o'clock and ___ min ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUSAN HARWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL NO. 04-00311 JMS-LEK<br><br>STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677 |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

   It is hereby stipulated by and between the undersigned plaintiff (meaning any person, other than the defendant, signing this agreement, whether or not a party to this civil action), and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

   1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or

omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of Three Hundred Seventy-Five Thousand Dollars ($375,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this lawsuit or settlement, from the care or treatment provided to the plaintiff, or any interaction with the plaintiff, at Tripler Army Medical Center ("TAMC"), including without limitation any claims for wrongful death, for which plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees, arising from the plaintiff's care, treatment or interaction at TAMC.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason

of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action or the care or treatment provided to the plaintiff, including without limitation any interaction with the plaintiff at TAMC, including without limitation any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages, arising from the plaintiff's care, treatment or interaction at TAMC. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from such further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death arising from the plaintiff's care, treatment or interaction at TAMC.

    4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an

3

admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

8. It is also agreed by and among the parties that this Settlement Agreement resolves any and all claims plaintiff may have individually against any and all Army personnel employed by, or affiliated with, TAMC during the duration of her care and treatment at TAMC, without regard to scope of employment.

9. Payment of the settlement amount for Three Hundred Seventy-Five Thousand Dollars ($375,000.00) will be made to plaintiff's counsel by the United States by wire transfer to the Trust Account of Kuniholm Law Firm according to instructions already provided by plaintiff's counsel to the United States. Plaintiff's attorney agrees to distribute the settlement proceeds to the plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

10. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

_____  
SUSAN HARWELL  
Plaintiff

_____  
Date

November 22, 2005  
_____  
Date

_____  
ELIZABETH F. KUNIHOLM  
Attorney for Plaintiff

11-19-05  
_____  
Date

_____  
R. MICHAEL BURKE  
Assistant U.S. Attorney

Attorney for Defendant  
UNITED STATES OF AMERICA

5

agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

_____
SUSAN HARWELL

Plaintiff

11-19-05
Date

ELIZABETH F. KUNIHOLM

Attorney for Plaintiff

Date

R. MICHAEL BURKE

Date

Assistant U.S. Attorney

Attorney for Defendant
UNITED STATES OF AMERICA

PAGE